UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Joseph F. Hoffman

    v.                                      Civil No. 05-cv-175-SM

Fay's Boat Yard, Inc., et al.

## AMENDED REPORT AND RECOMMENDATION[1]

Proceeding *pro se* and *in forma pauperis*, plaintiff Joseph F. Hoffman has filed an objection to my report and recommendation of August 18, 2005 (document no. 9), recommending dismissal of his complaint. In addition, he has filed an amended complaint, pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., alleging that defendants have engaged in a pattern of racketeering in connection with the approval of a site plan and issuance of permits for improvements to a marina known as Fay's Boat Yard ("FBY") (document no. 10). Named as defendants are FBY, Merrill P. Fay and officials employed by the Town of Gilford, New Hampshire.

The complaint is before me for preliminary review to

---

[1] In light of Hoffman's objection and newly filed amended complaint, this report and recommendation supercedes the report and recommendation issued on August 18, 2005.

determine, among other things, whether Hoffman has properly invoked the subject matter jurisdiction of this court. See United States District Court of the District of New Hampshire Local Rules ("LR") 4.3(d)(1)(A). For the reasons stated below, I recommend that the complaint be dismissed and objection be denied.

## Standard of Review

In reviewing a *pro se* complaint, this court must construe the pleading liberally and in favor of the *pro se* litigant. See Ayala Serrano v. Gonzalez, 909 F.2d 8, 15 (1st Cir. 1990) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)). At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that *pro se* pleadings are given fair and meaningful consideration. See Eveland v. Director of CIA, 843 F.2d 46, 49 (1st Cir. 1988).

**Background**

This action stems from state court land use proceedings during which Hoffman, an adjoining landowner, challenged the Town of Gilford's approval of a site plan for improvements to FBY, a marina located at Smith Cove on Lake Winnipesaukee in Gilford, New Hampshire.

<u>State Court Proceedings</u>

In the state court proceedings, Hoffman challenged a February 8, 1999 decision by the Town of Gilford's Planning Board ("Planning Board") approving a site plan for improvements to FBY. He filed an appeal with the Town of Gilford Zoning Board of Adjustment ("ZBA") in which he raised both zoning and planning issues. "The planning issues included allegations that the site plan failed to provide safety precautions for vehicles and pedestrians, adequate loading space, appropriate landscaping and adequate sewerage disposal. The zoning issues included claims that the plan failed to provide the requisite number of slips per boat, illegally merged a residential lot into the boatyard lot and illegally calculated the appropriate setback distance." <u>Hoffman v. Town of Gilford</u>, 147 N.H. 85, 86, 786 A.2d 93, 94 (2001). After accepting jurisdiction of only the zoning issues, the ZBA affirmed the decision of the Planning Board.

Hoffman then filed an appeal with the New Hampshire Superior Court (Belknap County) in which he sought judicial review of both zoning and planning issues.  The Town of Gilford and FBY, as intervenors, moved to dismiss the planning matters on the basis that the superior court lacked subject matter jurisdiction over Hoffman's untimely appeal.  The superior court granted the motion to dismiss and ruled that Hoffman's failure to appeal the planning issues within thirty days, as provided by N.H. Rev. Stat. Ann. § 677:15, I (governing appeal and court review of planning board decisions), barred superior court review. Although the superior court allowed the zoning issues to proceed on the merits, the record is silent as to the disposition and pendency of the claims.

Subsequently, Hoffman filed an interlocutory appeal with the New Hampshire Supreme Court in which he challenged the superior court's dismissal of the planning issues.  The New Hampshire Supreme Court affirmed the superior court decision and found that Hoffman's appeal of the planning issues was untimely.  The court reasoned that the planning issues had to be appealed to the superior court within thirty days of the Planning Board's decision, even though the zoning issues were pending in an appeal before the ZBA.

<u>Federal Claims</u>

In the instant action, Hoffman alleges that defendants have engaged in a pattern of racketeering in connection with the approval of a site plan and issuance of permits for improvements to FBY. In support of his federal civil RICO claim, he alleges that defendants committed the following predicate acts.

In 1999, defendants allegedly failed to record the site plan with the Registry of Deeds, as required by the Town of Gilford Zoning Ordinance 9.1(a) and N.H. Rev. Stat. Ann. § 674:39 (four-year exemption statute governing approved or properly-recorded subdivision plats and site plans). In October 1999, defendants wrongfully obtained and/or approved a permit issuing additional boat slips to FBY. Hoffman further alleges that either the Town of Gilford under-assessed the property value of FBY in relation to the number of permitted boat slips or that FBY misrepresented its financial holdings in its application to the Town of Gilford in order to obtain a permit for additional boat slips. He claims that the property value of FBY has been under-assessed from 1972 through 2004. Specifically, he alleges that in March 1992 Will Corcoran of the Town of Gilford's Assessor's Office improperly reassessed the FBY property by devaluing it and lowering the assessed taxes, in violation of N.H. Rev. Stat. Ann. § 71-B:9

(governing the administration of oaths, subpoenas and fees in proceedings before the Board of Tax and Land Appeals).

On May 19, 2004, defendants allegedly obtained and/or approved a congregate mooring field for FBY in violation of N.H. Rev. Stat. Ann. §§ 641:3 (unsworn falsification), 641:6 (falsifying physical evidence) and 641:7 (tampering with public records). In addition, Hoffman broadly alleges that FBY engaged in illegal activities concerning its docks, slips, moorings, dredging, filling, well launches and gasoline storage tanks, thereby causing environmental hazards to Smith Cove residents, Lake Winnipesaukee and the Town of Gilford. Lastly, he alleges that the Planning Board has failed to comply with N.H. Rev. Stat. Ann. §§ 36:56 and 36:57 (requiring, among other things, a local land use board to promptly review an application for development and determine whether, if approved, it reasonably could be construed as having the potential for regional impact).

According to Hoffman, defendants actions rise to the level of violations under the federal civil RICO statute. As a result of defendants' actions, he allegedly has been denied quiet enjoyment and use of his property. He further alleges that his wife, Priscilla Hoffman, who is not a named party to this action, contracted certain medical conditions as a result of FBY's

alleged discharge of contaminants into the water at Smith Cove. Hoffman seeks a cease and desist order to remove FBY and its gasoline storage tanks and also seeks "restoration of the shoreline." In addition, without providing any relevant facts, he broadly requests this court to deny a motion filed by an opposing party in his state court land use proceedings.

**Discussion**

I. Burford Abstention Doctrine

The state court land use proceedings at issue raise a question of subject matter jurisdiction that this court is obligated to consider and resolve *sua sponte*. See Perry v. First Citizens Fed. Credit Union (In re Perry), 391 F.3d 282, 284-85 (1st Cir. 2004) (holding that "'a court has an obligation to inquire sua sponte into its subject matter jurisdiction.'") (quoting In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988). For the reasons stated below, this court is precluded from exercising jurisdiction over Hoffman's claims under the abstention doctrine articulated in Burford v. Sun Oil Co., 319 U.S. 315, 317-18 (1943) (allowing a federal court to abstain from hearing matters if such abstention "is necessary to show proper regard for a state government's domestic policy." ).

The Burford abstention doctrine "requires in certain

circumstances a federal court to abstain in favor of state processes where federal litigation would interfere with a state administrative scheme and where adequate state judicial review exists." Sevigny v. Emplrs. Ins. of Wausau, 411 F.3d 24, 26 (1st Cir. 2005)."  The doctrine "allows a federal court to dismiss a case only if it presents 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar,' or if its adjudication in a federal forum 'would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 726-27 (1996) (quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989).  "'The fundamental concern in Burford is to prevent federal courts from bypassing a state administrative scheme and resolving issues of state law and policy that are committed in the first instance to expert administrative resolution.'" Sevigny, 411 F.3d at 26 (quoting Public Serv. Co. v. Patch, 167 F.3d 15, 24 (1st Cir. 1998).

    The basic principle behind Burford abstention "is that the federal courts should exercise discretion in the use of their equitable powers, particularly when asked to enjoin state

officials in the exercise of their duties." Ad+ Soil Services, Inc. v. Board of County Comm'rs of Queen Anne's County, 596 F. Supp. 1139, 1141-42 (D. Md. 1984). "This is especially true in cases involving disputes over local land use." 32A Am. Jur. 2d Federal Courts § 1273 (2005)(citing Pomponio v. Fauquier County Bd. of Supervisors, 21 F.3d 1319 (1994). "[L]and use law is one of the bastions of local control, largely free of federal intervention." Congregation Kol Ami v. Abington Twp., 309 F.3d 120, 135-36 (3d Cir. 2002). As the Supreme Court has recognized, "[t]he power of local governments to zone and control land use is undoubtedly broad and its proper exercise is an essential aspect of achieving a satisfactory quality of life in both urban and rural communities . . ." Schad v. Mt. Ephraim, 452 U.S. 61, 68 (1981).

In several published and unpublished decisions, courts have applied the Burford abstention doctrine to zoning and land use disputes. See Rucci v. Cranberry Twp., 130 Fed. Appx. 572, (3d Cir. 2005) (Burford abstention appropriate where state law challenge to local zoning ordinance); Fourth Quarter Props. IV v. City of Concord, 127 Fed. Appx. 648 (4th Cir. 2005)(Burford appropriate where landowner's federal substantive due process claim in connection with zoning dispute was simply a state law

claim disguised as a federal claim); J.V. Peters & Co. v. Hazardous Waste Facility Approval Bd., 596 F. Supp. 1556, 1558 (S.D. Ohio 1984) (Burford abstention particularly appropriate in cases involving disputes over land use and "where the state has a unified scheme for review of its administrative orders"); Kent Island Joint Venture v. Smith, 452 F. Supp. 455, 464 (D. Md. 1978) (applying Pullman and Burford abstention in land use dispute but dismissing case under Burford).  Because federal court intervention in this case will likely disrupt important New Hampshire state policies, Burford abstention precludes this court from exercising jurisdiction unless Hoffman can demonstrate an independent federal claim.

   A.   Absence of Independent Federal Claim

Hoffman fails, however, to raise an independent federal claim sufficient to defeat Burford abstention.  Construed liberally, the complaint alleges that defendants engaged in a pattern of racketeering with regard to the approval of a site plan and issuance of permits for improvements to FBY, thereby violating the provisions of the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962.

The RICO statute provides that:

> It shall be unlawful for any person employed

>     by or associated with any enterprise engaged
>     in, or the activities of which affect,
>     interstate or foreign commerce, to conduct
>     or participate, directly or indirectly, in
>     the conduct of such enterprise's affairs
>     through a pattern of racketeering activity
>     or collection of unlawful debt.

18 U.S.C. § 1962(c).  To state a Rico claim, a plaintiff must allege four elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity.  See Giuliano v. Fulton, 399 F.3d 381, 286 (1st Cir. 2005).

An enterprise is defined to include "'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'"  Ahmed v. Rosenblatt, 118 F.3d 886, 889 (1st Cir. 1997)(quoting 18 U.S.C. § 1961(4)).  A pattern of racketeering activity is one involving the commission by named defendants of at least two predicate acts enumerated in the RICO Statute, the second of which must occur within ten years of the first.  See id., at 888 (citing 18 U.S.C. § 1961(5)).  Predicate acts include any act or threat involving one of a number of recognized indictable offenses.  See id., at 888 (citing 18 U.S.C. § 1961(1)).  To support the pattern requirement, a plaintiff must show that either the related predicate acts "amounted to" continued criminal activity or that there was a

significant possibility that the criminal activity would continue in the future.  See id. at 889.  The First Circuit applies a four year statute of limitations period to civil RICO claims and has held that the accrual period begins to run when the plaintiff knew, or should have known, of his injury.  See Lares Group, II v. Tobin, 221 F.3d 41, (1st Cir. 2000).

   In this action, the state court proceedings reveal that Hoffman knew of his injury as early as February 1999.  Given that he filed this action in May 2005, his RICO claims arising before May 2001 are barred by the four year statute of limitations.  His remaining RICO claims, arising after May 2001, fail to allege a claim upon which relief maybe granted.  The remaining claims allege that defendants committed fraud in the assessment process and obtained or approved a congregate mooring field in violation of N.H. Rev. Stat. Ann. §§ 641:3 (unsworn falsification), 641:6 (falsifying physical evidence) and 641:7 (tampering with public records).  Only one claim, that pertaining to fraud in the assessment process, appears to qualify as a predicate act under RICO.  Hoffman has therefore failed to alleged a pattern of racketeering activity of at least two predicate acts.  See Ahmed, 118 F.3d at 889.  Nor has he demonstrated continued criminal activity on the part of any named defendant or that there is a

significant possibility that any criminal activity will continue in the future.  Accordingly, I conclude that he has failed to adequately state a federal civil RICO claim for purposes of preliminary review.

The only remaining claims alleged by Hoffman are land use claims that raise local issues concerning zoning and planning. As mentioned above, "[l]and use policy customarily has been considered a feature of local government and an area in which the tenets of federalism are particularly strong." Izzo v. River Edge, 843 F.2d 765, 769 (3d Cir. 1988) ("Federal courts have expressly disavowed any desire to sit as a statewide board of zoning appeals hearing challenges to actions of municipalities."); accord Evans v. Board of County Comm'rs, 994 F.2d 755, 761 (10th Cir. 1993).  Here, it is clear that the zoning and planning statutes and regulations at issue constitute a complex state regulatory scheme.  See Meredith v. Talbot County, 828 F.2d 228, 232 (4th Cir. 1987) (holding that procedures, statutes, regulations, planning boards and officials involved in subdivision process qualify as being governed by a complex state regulatory scheme for purposes of Burford abstention).  Rendering a determination as to the basis of Hoffman's remaining claims would require this court to adjudicate

the rights and duties of the parties pursuant to state zoning and planning laws.  The state court avenues of appeal, including direct appeal to the New Hampshire Supreme Court, provide Hoffman with an opportunity for review of the zoning and planning claims and any related constitutional claims.  Given that his remaining claims pertain solely to state law land use and that adequate state judicial review exists, I conclude that <u>Burford</u> precludes this court from exercising jurisdiction over his claims.

### Conclusion

For the foregoing reasons, I recommend that Hoffman's complaint (document nos. 1, 2 and 7) and amended complaint (document no. 10) be dismissed.  I further recommend that his objection (document no. 9) to my report and recommendation of August 18, 2005 be denied.

If this recommendation is approved, the claims as identified in this report and recommendation, will be considered for all purposes to be the claims raised in the complaint.  If the plaintiff disagrees with the identification of the claims herein, he must do so by objection filed within ten (10) days of receipt of this report and recommendation, or he must properly move to amend the complaint.

Any further objections to this report and recommendation

must be filed within ten days of receipt of this notice.  Failure to file an objection within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Committee v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).


                                   _____
                                   James R. Muirhead
                                   United States Magistrate Judge

Date: February 3, 2006
cc:   Joseph F. Hoffman, *pro se*